

**GEORGIA M. PESTANA**
*Corporation Counsel*

T<small>HE</small> C<small>ITY OF</small> N<small>EW</small> Y<small>ORK</small>
**LAW DEPARTMENT**
100 C<small>HURCH</small> S<small>TREET</small>
N<small>EW</small> Y<small>ORK</small>, N.Y. 10007

**JEFFREY F. FRANK**
*Assistant Corporation Counsel*
Email: jefrank@law.nyc.gov
Cell: (929) 930-0780
Tel: (212) 356-3541

February 10, 2022

**VIA ECF**
Honorable Arlene R. Lindsay
United States District Court
Eastern District of New York
814 Federal Plaza
Central Islip, New York 11722-4451

    Re:    *Tod S. Cagan v. N.Y.C. Police Officer Gregory Rittenhouse, et al.*,
              22-CV-0260 (EK) (ARL)

Your Honor:

        I am an Assistant Corporation Counsel in the Office of Georgia M. Pestana, Corporation Counsel of the City of New York, representing defendant City of New York ("City") in the above-referenced matter. For the reasons set forth below, I write to respectfully request that the Court: (1) enlarge the time for defendant City to answer or otherwise respond to the complaint from February 15, 2022 until April 15, 2022; and (2) *sua sponte* enlarge the time for defendants NYPD Police Officers Gregory Rittenhouse and Michael Philbin to answer or otherwise respond to the complaint from February 16, 2022 until April 15, 2022. This is defendant City's first request for an extension of this deadline. Plaintiff's counsel, Pablo Fernandez, does not consent to this request. Counsel for the Village of Freeport co-defendants, Andrew Preston, consents to this request. Counsel for the County of Nassau co-defendants has yet to enter a notice of appearance, so I was unable to obtain their consent to this request in an expeditious manner.

        By way of background, on January 17, 2022, plaintiff filed a complaint alleging several claims pursuant to 42 U.S.C. § 1983 against the City, NYPD Officers Rittenhouse and Philbin; the Village of Freeport and several of its police officers; and the County of Nassau, its District Attorney, and several of its Assistant District Attorneys and police officers. (*See* Docket Entry ("DE") No. 1) On January 25, 2022, the City was served; accordingly the City must answer or otherwise respond to the complaint by February 15, 2022. (DE No. 5) On January 26, 2022, PO Rittenhouse was served; hence, PO Rittenhouse must answer or otherwise respond to the complaint by February 16, 2022. (DE No. 17)

        This Office has received a request for legal representation from PO Rittenhouse. Pursuant to New York General Municipal Law § 50-k, this Office must investigate and determine

whether we may assume legal representation of PO Rittenhouse before we may seek relief or respond to the complaint on his behalf. *See Mercurio v. City of New York*, 758 F.2d 862, 864–65 (2d Cir. 1985); *Williams v. City of New York*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (holding that the decision as to whether to represent individual defendants is made by the Corporation Counsel as set forth in state law). Similarly, although this Office has not received a request for legal representation from PO Philbin as of this writing, if this Office receives such a request we must investigate and determine whether we may assume legal representation of PO Philbin, as well. *Id.*

The requested extensions to April 15, 2022, would promote judicial efficiency and avoid the potential for jeopardizing the defenses of PO Rittenhouse and PO Philbin, both of whom remain unrepresented.

Accordingly, defendant City respectfully requests that the Court: (1) enlarge the time for defendant City to answer or otherwise respond to the complaint until April 15, 2022; and (2) *sua sponte* enlarge the time for defendants PO Rittenhouse and PO Philbin to answer or otherwise respond to the complaint until April 15, 2022.

We thank the Court for its consideration of this matter.

Respectfully submitted,

Jeffrey F. Frank
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc: All Counsel (via ECF)