# THE LAW OFFICE OF ADAM D. GLASSMAN, P.C.

ATTORNEYS
ADAM D. GLASSMAN
ALAN C. GLASSMAN#

#Of Counsel to the Firm

12 East Huxley Drive
Lloyd Harbor, NY 11743
(516) 778-1300 *Telephone*
*adam@adamglassman.com Email*
*AdamGlassman.com*

August 25, 2023

The Honorable Eric R. Komitee
United States District Court
Eastern District of New York
**VIA ECF**

       Re: *Cagan v. Rittenhouse et al.*
          Docket: 22-CV-00260

Dear Judge Komitee,

  I write this letter with the utmost respect and humility, acknowledging the gravity of the situation at hand regarding my two, separate missed court appearances in *Cagan v. Rittenhouse, et al.* I understand the importance of my presence at all court conferences and recognize that such appearances are mandatory and serve justice and the best interests of my client. Further, though I have demonstrated such via my past actions, I certainly respect the court's time and regret any negative impact my actions have caused on the court and all involved parties. I am truly sorry for my actions, and I respectfully ask that your Honor and my fellow counsel accept my apology.

  Next, it is my belief that I, Adam D. Glassman, was counsel of record at the time of the two missed court appearances herein. My belief is based on the fact that I, and not Alan C. Glassman, was retained by the defendant, New York City Police Officer Gregory Rittenhouse, to represent him in this matter. Moreover, I, and not Alan C. Glassman, was the attorney who personally filed various papers on the docket, noting my appearance on behalf of the above defendant in each instance. Respectfully, I maintain that this signifies that I was responsible for representing this defendant in <u>all</u> matters related to the case, including appearing for all court appearances.

  Moreover, I recognize that I created confusion by failing to correct my ECF account information to the extent that I permitted it to reflect that my father, Alan C. Glassman, was the attorney of record in the matter. In this regard, as I outlined in my prior letter to the court and explained when I appeared before your Honor, I understand that although I was listed on the case docket, it was merely for email notifications. Additionally, I recognize that from the court's perspective, this signified that Alan C. Glassman, as opposed to me, was the attorney of record for Gregory Rittenhouse herein. In an effort to rectify my mistake, I contacted PACER customer service, as well as the Eastern District, and with their assistance, I was able to successfully correct the subject ECF/PACER account to reflect that it belongs to The Law Office of Adam D.

Glassman, PC, and not to The Law Office of Alan C. Glassman. I mention the above not to excuse my personal failure in not calendaring the aforementioned missed court appearances upon my receipt of push notifications from the court setting down the relevant court dates, but merely to inform the court of those actions I have taken to ensure that the docket in the case is correct to the extent that it now reflects that I am the attorney of record for Gregory Rittenhouse in this matter.

Based upon my review of the Federal Rules of Civil Procedure, I understand that the term "counsel of record" is defined as an attorney who has appeared in court or signed pleadings or other forms on behalf of a client. This definition is consistent with Rule 11(a) of the Federal Rules of Civil Procedure, which states that:

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Whereas I interposed a motion to dismiss on behalf of Defendant Rittenhouse, as well as submitted one or more letters to the court on his behalf, it is my belief that I was, indeed, his counsel of record at the time of the two missed court appearances, and I take complete accountability for my failure to fulfill this important responsibility.

As for the issue of potential sanctions, I am fully aware that it is within the court's discretion to impose sanctions upon an attorney due to their failure to appear before the court for scheduled motions and other conferences. However, I respectfully request the court to consider the reasons behind the missed appearances before deciding upon the imposition of sanctions. In this regard, and though I feel foolish saying it, both absences were unintentional and resulted from my failure to calendar the matters properly. Despite my lack of intent, I recognize that my actions created a hardship for the court and my co-counsel in the case, and that this gave rise to additional time spent by the court, and co-counsel waiting for me and trying to locate me. I deeply regret these oversights and assure the court that such incidents will not recur in the future.

I wish to note that I served as a New York State Administrative Law Judge (ALJ) for fifteen (15) years. I have also been a practicing attorney in good standing in the State of New York and this court for nearly thirty years. During my tenure as an ALJ, as well as during my years of practice, I have experienced firsthand on more than one occasion the frustration associated with an attorney failing to appear before me, or in a pending case in which I am representing a party, thereby wasting my time, as well as the time and money of opposing counsel and their client(s). Based upon my personal experiences in this regard, I certainly understand the ramifications of such conduct upon the court, counsel, co-parties, and my client. I also understand the need for the court to consider taking appropriate action under such circumstances so as to ensure that conduct of such nature will not be repeated.

I would like the court to know that I have taken additional steps to ensure this will not happen again. In this regard, in addition to checking all of the dockets in all of my open cases pending in the Eastern District of New York on a weekly basis, I now have my paralegal performing the same task three times a week. Further, my paralegal and I have reviewed all of the dockets in all of my open cases now pending in the Eastern District, and we have made calendar entries for all future court appearances and other relevant dates in our office calendar. It bears noting that I have implemented a protocol in our office pursuant to which my paralegal and I now confer daily regarding all upcoming court appearances for the week.

Should the court decide to impose sanctions, I respectfully believe that a reasonable sanction in these circumstances would be a written warning or a modest fine.

Rule 16(f)(1) of the Federal Rules of Civil Procedure provides in pertinent part:

> In General. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney:
>
> (A) fails to appear at a scheduling or other pretrial conference;
> (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or
> (C) fails to obey a scheduling or other pretrial order.

Additionally, Federal Rules of Civil Procedure Rule 16(f)(2) may be relevant in determining the monetary amount of any fees, sanctions, or costs the court deems appropriate:

> Imposing Fees and Costs. Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

I recognize that should the court issue a reasonable monetary fine or sanction, that same would remind me of the importance of court appearances, while also acknowledging the unintentional nature of the missed appearances.

Pursuant to Local Rule 1.5(b)(5):

> In connection with activities in this Court, any attorney is found to have engaged in conduct violative of the New York State Rules of Professional Conduct as adopted from time to time by the Appellate Divisions of the State of New York. In interpreting the Code, in the absence of binding authority from the United States Supreme Court or the United States Court of Appeals for the Second Circuit, this Court, in the interests of comity and predictability, will give due regard to decisions of the New York Court of Appeals and other New York State courts, absent significant federal interests.

Moreover, according to Local Rule 1.5(c):

(1) In the case of an attorney admitted to the bar of this Court, discipline imposed pursuant to paragraph (b)(1), (b)(2), (b)(3), or (b)(5) above may consist of a letter of reprimand or admonition, censure, suspension, or an order striking the name of the attorney from the roll of attorneys admitted to the bar of this Court.

Though my failure to appear before this court on two separate occasions was unintentional, it resulted from my failure to diligently monitor the court docket. I certainly recognize that such failures may be construed by your Honor as violations of the New York State Rules of Professional Conduct.

In conclusion, I sincerely apologize for any inconvenience caused by my actions herein. I assure the court of my commitment to uphold the highest legal and ethical practice standards and demonstrate my dedication to the defense of my client herein. I shall accept any sanction the court deems fair and just.

Thank you for your time and consideration. I wish your Honor a good weekend.

Sincerely,

ADAM D. GLASSMAN